UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASMIN JETTA TAPIA,<br><br>                  Petitioner,<br><br>    v.<br><br>HOWARD C. BARRON, et al.,<br><br>                  Respondent. | CASE NO. 2:23-cv-01531-BJR-BAT<br><br>**REPORT AND RECOMMENDATION** |

On October 2, 2023, Petitioner, Jasmin Jetta Tapia, while detained at the Federal Detention Center, SeaTac, (FDC) filed a *pro se* 28 U.S.C. § 2241 federal habeas corpus petition arguing the Bureau of Prisons (BOP) has impermissibly disqualified her from accruing First Step Act (FSA) earned time credits (ETC) and requesting the Court order the BOP to immediately apply ETC to reduce her federal criminal sentence. Dkt. 3.

On November 11, 2023, the United States filed a response contending the Court should deny the § 2241 habeas petition because (1) contrary to Petitioner's claim, the BOP has categorized Petitioner as eligible for ETC and she has potentially earned 140 days of credit; (2) the application of the ETC is based upon BOP risk assessments and Petitioner does not meet the risk assessment level to apply ETC to Petitioner's sentence at this point; (3) Petitioner has not sought or exhausted her administrative remedies regarding the ETC claim; and (4) the requested

REPORT AND RECOMMENDATION - 1

1  § 2241 relief is not ripe because Petitioner's release date is years in the future even if ETC were

2  applied to Petitioner's sentence today. Dkt. 6 at 2.

3        On November 21, 2023, Petitioner moved for an extension of time to respond to the

4  United States on the grounds she was being transferred from FDC SeaTac to FCI Tallahassee.

5  Dkt. 8. In response, the United States acknowledged Petitioner was transferred or being

6  transferred to FCI Tallahassee; Petitioner likely had not received its November 11, 2023,

7  Response; indicated no opposition to an extension; and contended this Court should dismiss the §

8  2241 habeas petition because Petitioner's transfer to another district deprives the Court of

9  jurisdiction over the Petitioner's present custodian in Florida and thus over the habeas petition.

10  Dkt. 9.

11        The Court granted Petitioner's motion to extend the time to respond and noted the § 2241

12  habeas petitioner for January 12, 2024, as ready for review. Having reviewed the § 2241 petition,

13  and the record, the Court recommends **DENYING** the United State' request to dismiss or

14  transfer this matter and **DENYING** and **DISMISSING** Petitioner's § 2241 habeas petition

15  without prejudice.

16                           **BACKGROUND**

17        At the time she filed her § 2241 habeas petition, Petitioner was detained at the FDC after

18  pleading guilty in the Southern District of California in case number 3:21-CR-00789-WQH and

19  receiving a 90-month sentence of imprisonment for one count of Importation of

20  Methamphetamine. Dkt. 3 at 2.

21        In her petition, Petitioner contends the BOP calculates her projected release date as July

22  6, 2027, and seeks § 2241 habeas relief arguing the BOP has "taken the position that Petitioner is

23  ineligible for ETC" because she was convicted of a drug offense, in violation of the First Step

REPORT AND RECOMMENDATION - 2

Act (FSA). *Id.* Petitioner further claims she "has been denied administrative remedy forms and [her] attempt to receive her ETCs via a BP-11 to the BOPs Office of General Counsel has gone unanswered for approximately two months although a response is required to be provided within 30 days." *Id.*

In response, the United States agrees Petitioner is serving a 90-month sentence that was imposed in the Southern District of California but submits her projected release date is August 2, 2027. Dkt. 6 at 1. The United States agrees the drug offense for which Petitioner was convicted and sentenced does not statutorily disqualify her from earning First Step Act ETC. *Id.* at 2-3. However, under the FSA, 18 U.S.C. § 3632(d)(4)(C), the BOP transfers prisoners who have earned ETC into prerelease or supervised release only if the prisoner meets certain requirements including risk assessments based upon the prisoner's term of imprisonment that indicate the prisoner is a minimum or low risk of recidivism. *Id.* at 3-4.

The United States contends that contrary to Petitioner's claims, the BOP has categorized Petitioner as eligible to earn FSA credits, that she has earned 140 FSA credits, and these credits have not yet been applied because based upon the BOP's risk assessments, Petitioner is at a high-risk recidivism level. *Id.* at 4.

The United States further argues a prisoner who wishes to challenge the computation of a sentence must utilize the BOP grievance system, and that the BOP has no record of Petitioner submitting any administrative remedy during her custody including the complaint she claims to have made to the Office of General Counsel. *Id.*

After Petitioner filed her § 2241 habeas petition as a detainee of the FDC SeaTac, the Federal Bureau of Prisons transferred Petitioner to another detention facility in another federal district. Because the BOP transferred Petitioner to another state, the United States contends the

REPORT AND RECOMMENDATION - 3

Court should dismiss the § 2241 petition because Petitioner's transfer divests the Court of jurisdiction over the Petitioner's current warden and thus over the habeas petition. Dkt. 9.

**DISCUSSION**

    **A.**    **Jurisdiction**

The United States argues the Court should dismiss the § 2241 habeas petition because Petitioner has been transferred from FDC SeaTac to another detention facility in another federal district and this Court therefore lacks jurisdiction to determine the petition. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison,* 894 F.2d 353 (9th Cir. 1989). However, this Court is limited to granting habeas relief only within its respective jurisdictions. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id*. at 435. The court issuing a writ of habeas corpus must have personal jurisdiction over the custodian; without such jurisdiction, the court lacks the authority to direct the actions of the restraining authority. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999).

Here, the United States contends the Court lacks personal jurisdiction over Petitioner's current custodian at FCI Tallahassee who is located in the Northern District of Florida. The Court is disinclined to recommend dismissal of the § 2241 petition for lack of jurisdiction and disinclined to transfer the petition to the Northern District of Florida. Dismissal is not in the interest of justice because Petitioner's request for habeas relief is not moot simply because the Bureau of Prisons transferred her to another district. *See Miller v. Hambrick,* 905 F.2d 259, 262–

63 (9th Cir. 1990) (holding that § 2241 petition is not moot where jurisdiction existed when petition was filed and applying 28 U.S.C. § 1631 to sua sponte order the district court to transfer the petition.). Thus, dismissal for lack of jurisdiction is not an appropriate or automatic remedy.

As to a lack of jurisdiction over the warden in Florida, the United States' argument the Court lacks jurisdiction rests on the contention that this Court cannot order the warden in Florida to provide Petitioner the habeas relief she seeks. However, as discussed below, the Court does not recommend that the Florida warden be ordered to do anything; rather the Court recommends the § 2241 habeas petition be dismissed. The Court thus perceives no jurisdictional bar to denying and dismissing the petition on the merits.

The Court has also considered whether the § 2241 habeas petition should be transferred "in furtherance of justice." *See* 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) (stating that a district court may transfer any civil action to another district where it might have been brought "in the interest of justice"). The Court finds transfer is not in the interest of justice because the parties' briefing is complete and for the reasons below, § 2241 habeas relief should be **DENIED**, and the habeas petition should be **DISMISSED** without prejudice.

**B.     The Petition Should be Denied**

Petitioner seeks § 2241 habeas relief first arguing her conviction for Importation of Methamphetamine does not disqualify her from earning First Step Act ETC, and second the Court should "require that the BOP apply Petitioner's earned time credits." Dkt. 3 at 2.

The United States agrees Petitioner's Importation of Methamphetamine conviction does not disqualify her from earning First Step Act ETC, and the BOP, in fact, has already calculated Petitioner has accrued 140 days of ETC credits. However, the United States argues the Court should deny Petitioner's request that the Court order the BOP to immediately apply the ETC

REPORT AND RECOMMENDATION - 5

credits. Dkt. 6 at 5.

The United States argues the Court should deny Petitioner's request and dismiss the habeas petition because Petitioner failed to exhaust her administrative remedies before seeking relief in this Court. The Court need not address this argument because even assuming Petitioner exhausted her remedies or is excused under the circumstances of this case from exhausting remedies, her request for § 2241 habeas relief fails.

Petitioner's request the Court order the BOP to immediately grant and apply First Step Act ETC fails because as the United States correctly argues, the requested habeas for relief is not ripe given Plaintiff's release date is still years in the future. Article III of the United States Constitution limits this Court's jurisdiction to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Article III case-or-controversy requirement involves two "closely related" concepts: standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009) (citing *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121, 1123 (9th Cir. 2009)).

To establish standing, Plaintiff must show she suffered an injury in fact that is "concrete and particularized," can be fairly traced to the defendant's action, and can be redressed by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "While standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addresses when litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original). "[I]n many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). "[B]ecause the focus of [the] ripeness inquiry is primarily temporal in scope, ripeness can be characterized as standing on a timeline." *Id*.

1  Thus "[a] claim is not ripe for adjudication if it rests upon contingent future events that
2  may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S.
3  296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81
4  (1985) (internal quotation marks omitted)). "If the contingent events do not occur, the plaintiff
5  likely will not have suffered an injury that is concrete and particularized enough to establish the
6  first element of standing." *Bova*, 564 F.3d at 1096 (citing *Lujan*, 504 U.S. at 560).

7  The ripeness doctrine is designed "to prevent the courts, through avoidance of premature
8  adjudication, from entangling themselves in abstract disagreements over administrative policies,
9  and also to protect the agencies from judicial interference until an administrative decision has
10  been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park*
11  *Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Abbott Labs. v. Gardner*,
12  387 U.S. 136, 148-49 (1967)).

13  The application of any First Step Act ETC credits for early release that a federal prisoner
14  may earn is governed by statute. Federal prisoners may earn "good time behavior" credits and
15  FSA earned time credits. Under 18 U.S.C. § 3624(b)(2), any credit for good time behavior that a
16  prisoner earns "shall vest on the date the prisoner is released from custody." As Petitioner's
17  release date is either July or August of 2027, any credits that she may have earned for good time
18  behavior have not yet vested, and application of those credits are not presently ripe for review.

19  FSA earned release credits are additional credits that a federal prisoner may earn. *See* 18
20  U.S.C. § 3624(d)(6) ("The incentives described in this subsection shall be in addition to any
21  other rewards or incentives for which a prisoner may be eligible."). The First Step Act ETC
22  credits are the credits that Petitioner appears to request the Court immediately order the BOP to
23  immediately grant and apply. These ETC credits are based upon successful completion of

REPORT AND RECOMMENDATION - 7

recidivism reduction programming. 18 U.S.C. § 3624(d)(4)(A). The ETC credits that Petitioner can earn, and her risk and needs assessment and security level are not static figures. Petitioner's credits could accelerate, decelerate, or even be lost depending upon a variety of circumstances, such as opting out of programming, or violating certain rules and requirements. *See* 18 U.S.C. § 3624(e).

At present, the only evidence before the Court is Petitioner is at a risk or security level that does not merit immediate application of First Step Act ETC that she may have accrued up to this point. Given this fact and the fact Petitioner's risk levels and earned ETC could go up or down and given the fact her release date is years in the future, the immediate application of ETC credits under the FSA is not ripe.

The Court also notes federal prisoners seek to earn First Step Act ETC credits so that the credits can be applied toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3624(d)(4)(C). This allows a prisoner to leave the confines of a federal detention center or prison, and finish serving a federal sentence in the community. However, under 18 U.S.C. § 3624(g)(1)(A), FSA earned time credits can be applied toward prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term. Here, there is no dispute Petitioner release date is in July or August of 2027. Thus, as Petitioner has earned 140 days of ETC, she is not currently eligible for the application of the ETC credits under the FSA toward prerelease or supervised release.

Accordingly, the Court finds because Petitioner is not yet eligible for application of time credits under the FSA, even though she may have accrued some credits, her § 2241 Petition is not ripe for review and subject to dismissal without prejudice.

The Court additionally finds Petitioner will not suffer an immediate injury if the Court

REPORT AND RECOMMENDATION - 8

does not immediately apply the 140 days of ETC credits that she has accrued given her release date of 2027. Petitioner has not shown an "immediate injury" that would be redressed by the § 2241 petition. *See Ford v. Chapman*, 371 F. App'x 513, 514 (5th Cir. 2010) (finding petitioner's release was not imminent and the petitioner therefore "failed to establish an 'immediate injury' that would be redressed by the relief that she seeks"); *Markley v. James*, No. 21-3067-JWL, 2021 WL 1736859, at *4 (D. Kan. May 3, 2021) (denying § 2241 petition where the petitioner failed to show current eligibility for the application of credits under the FSA); *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (finding lack of subject matter jurisdiction over § 2241 petitioner's claim challenging the BOP's calculation of good time credits where the petitioner did not claim that he was eligible for immediate release, describing the claim as "temporally distant and speculative nature" and explaining the claim was not ripe because the prisoner had not established he would sustain immediate injury that could be redressed by the relief requested).

For the foregoing reasons, the Court concludes Petitioner's request for habeas relief is not ripe, and the petition should therefore be **DENIED** and **DISMISSED** without prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Petitioner should thus not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **January 30, 2024.** The Clerk shall note the matter for **February 2, 2024**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

REPORT AND RECOMMENDATION - 9

then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 12th day of January, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge