UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASMIN JETTA TAPIA,<br><br>                    Petitioner,<br><br>    v.<br><br>HOWARD C. BARRON, et al.<br><br>                    Respondents. | Case No.: 23-cv-1531-BJR-BAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING WITHOUT PREJUDICE PETITION FOR HABEAS RELIEF |

## I.   INTRODUCTION

Currently before the Court is the Report and Recommendation of United States Magistrate Judge Tsuchida recommending that this Court deny and dismiss Petitioner's request for habeas relief without prejudice. Having reviewed the Report and Recommendation, Petitioner's objections thereto, the record of the case, and the relevant legal authority, the Court will adopt the Report and Recommendation and deny and dismiss Petitioner's request for habeas relief without prejudice. The reasoning for the Court's decision follows.

## II.   DISCUSSION

Petitioner Jamin Jetta Tapia filed this *pro se* 28 U.S.C. § 2241 federal habeas corpus petition arguing that the Bureau of Prisons ("BOP") has impermissibly disqualified her from

accruing First Step Act ("FSA") earned time credits ("ETC") and requesting that this Court order the BOP to immediately apply the ETC to reduce her federal criminal sentence. The BOP counters that it did categorize Petitioner as eligible and she has potentially earned 140 days of credit; however, she does not yet qualify to have the credit applied to her sentence due to her risk assessment level. The BOP also claims that Petitioner failed to exhaust her administrative remedies and that her request for relief is not yet ripe because her release date is years in the future. Lastly, the BOP urges this Court to dismiss the petition for lack of jurisdiction because Petitioner was recently transferred to a federal detention facility in Florida.

      The Report and Recommendation concludes that this Court does have jurisdiction and that transferring this matter to a federal court in Florida would not be in the interest of justice because the habeas petition should be denied and dismissed without prejudice as it is not yet ripe. As stated above, Petitioner requests that this Court require the BOP to credit her for ETC credits. However, ETC credits are based on the successful completion of recidivism reduction programing, something that Petitioner has not yet completed. The Report and Recommendation notes that "Petitioner's [ETC] credits could accelerate, decelerate, or even be lost depending on a variety of circumstances, such as opting out of programming, or violating certain rules and requirements. … Given this fact and the fact Petitioner's risk levels and earned ETC could go up or down and given the fact her release date is years in the future, the immediate application of ETC credits under the FSA is not ripe." Dkt. No. 12 at 8.

      Petitioner filed objections to the Report and Recommendation. Dkt. No. 15. However, the objections fail to address the basis on which the Report recommends that this Court dismiss the petition, namely that the petition is not ripe because it is too soon to apply the ETC credits to her

sentence. Instead, Petitioner claims to have exhausted her administrative remedies, an argument that is not relevant to the Report's recommendation of dismissal.

The Court agrees that the petition is not yet ripe and, as such, must be dismissed. *See Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (internal quotation marks omitted)) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Petitioner also requests for the first time in her objections that this Court appoint an attorney to represent her in this matter. Under 18 U.S.C. § 3006A(2)(B), a district court may appoint counsel for a petitioner if "the interests of justice so require" and the petitioner is "financially eligible." However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). In deciding whether to appoint counsel, the court must evaluate the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate her claims without counsel, considering the complexity of the legal issue involved. *Sharp v. Koenig*, 2020 WL 756642, *2 (E.D. Cal. Feb. 14, 2020). This Court concludes that the interests of justice do not require the appointment of counsel in this case as this Court has already determined that the petition is not yet ripe and therefore must be dismissed.

//

//

//

//

### III. CONCLUSION

For the foregoing reasons, the Court HEREBY ADOPTS the Report and Recommendation and DENIES and DISMISSES without prejudice Petitioner's request for habeas relief.

Dated this 11th day of June 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge